CITY OF TERRELL v. TERRELL ELEC-
TRIC LIGHT CO. et al. (No. 7735.)

(Court of Civil Appeals of Texas. Dallas.
July 1, 1916.)

1. MUNICIPAL CORPORATIONS ☞680, 681(1)—
GRANTING LICENSES—POWER TO REGULATE.

Municipalities may not, under the grant of exclusive control of streets under direct provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 854, legislate on everything connected with the subject over which they possess limited authority, such as the manner and means of the business permitted the use of the streets.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1459; Dec. Dig. ☞ 680, 681(1).]

2. MUNICIPAL CORPORATIONS ☞682(4) —
GRANTING LICENSES—CONDITIONS.

If a municipality, although without power to do so, annexes a condition to a grant to enter upon its streets, a grantee, voluntarily accepting the grant, cannot thereafter refuse to be bound by the condition.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1470; Dec. Dig. ☞ 682(4).]

3. ELECTRICITY ☞4 — FRANCHISES—FORFEI-
TURE—"CONDITION"—"MANUFACTURE."

In an ordinance, granting to an electric company the "right to manufacture and vend" electricity to the city and the citizens, "subject to the provisions and conditions hereinafter contained," which conditions were to furnish certain lights and not to erect an ice plant on a certain lot, it was not a "condition" that the company "manufacture" its own electricity rather than purchase it from another, since the grant should be construed according to Vernon's Sayles' Ann. Civ. St. 1914, art. 5502, providing that the ordinary signification should be applied to words not technical, and since a condition ordinarily is any qualification, restriction, or limitation modifying or destroying the full enjoyment or use of a right, and under the maxim that the "expression of one thing is the exclusion of another," the word "manufacture" cannot be construed as more than mere description of the extent of the permit.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 1; Dec. Dig. ☞4.

For other definitions, see Words and Phrases, First and Second Series, Condition.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Suit by City of Terrell against the Terrell Electric Light Company and another. From an order refusing temporary injunction, complainant appeals. Affirmed.

M. F. Cate, Morris Brin, and Bumpass & Crumbaugh, all of Terrell, for appellant. Robt. L. Warren and Bond & Bond, all of Terrell, and Templeton, Beall & Williams, of Dallas, for appellees.

RASBURY, J. This is an appeal from an order of the district judge, refusing in vacation appellant's application for a temporary injunction to restrain appellees from consummating the acts hereinafter specified. The primary purpose of the suit was to forfeit the charters of the Terrell Electric Light Company and the Texas Power & Light Company, to cancel the franchise granted by appellant to Terrell Electric Light Company over its streets, and for the appointment of a receiver for both companies. No issue arises upon the pleadings or the right of appellant to maintain the suit for its primary purpose, and hence it is unnecessary to a disposition of the issues that are raised on appeal to recite the one or discuss the other. At the hearing the following essential and undisputed facts were adduced: The Terrell Electric Light Company is a private corporation, chartered by the state December 19, 1902, and authorized by its charter to manufacture and supply gas and to supply light, heat, and electric motor power to the public in the town of Terrell by any means. When the present controversy arose it was operating an electric light plant in said town for profit and by authority of an ordinance enacted by the authorities of the town of Terrell, which, omitting the enacting clause and the signatures of officials, is as follows:

"Whereas, a company has been formed under the name of 'The Terrell Electric Light Company' for the purpose of building and operating an electric light, heat and power plant for the purpose of supplying light, heat and power by electricity to the public, and the manufacture and the sale of electric light material and electric supplies in the city of Terrell, Texas: Therefore be it ordained by the city council of the city of Terrell, Texas:

"Section 1st. The said Terrell Electric Light Company shall have the right and privilege and the same is hereby granted of erecting, establishing, buying, selling, maintaining and operating electric light and electric power works in the city of Terrell, Texas, and shall have the right to manufacture and vend to the city of Terrell and the citizens thereof and to other persons, electricity for motors, light, heat or power purposes for the term of forty-five years from the date of the passage of this ordinance, provided however, that this franchise is subject to the provisions and conditions hereinafter contained and set forth, provided that nothing in this ordinance shall be construed as granting to said company the exclusive privileges for the purpose herein set forth.

"Sec. 2. To enable said company to construct, maintain, extend and operate its plant in said city, the said company is authorized to erect

and maintain along any of the streets or alleys or other public highways of said city for the purpose of carrying on its business poles, lines, guy posts and braces and such other things as are necessary to the safe and economical construction and operation of its property all to be under the direction of the street committee of the city council of said city of Terrell, Texas, and in accordance with the laws and ordinances of said city now in force.

"Sec. 3. In consideration of the above grant the said Terrell Electric Light Company, agrees to furnish during the continuation of its franchise to the said city of Terrell the following electric lights: Four arc lights of not less than one thousand c. p. each, to be placed on Moore avenue at points where lights have heretofore been stationed, provided however that the city of Terrell shall take from said company two other arc street lights of the same kind, and agree to pay therefor the sum of twelve dollars and fifty cents per month for each of said two lights. Six incandescent lights at city fire station, one of which shall be thirty two c. p. To light the building known as the 'City Hall' and used as the city public school building. One incandescent light at mayor's office in said city.

"Sec. 4. It is furthermore expressly understood and agreed by and between parties hereto that in the event that the Terrell Electric Light Company or its assigns shall construct a plant herein provided for at site where electric light plant formerly stood, that is to say on lots twelve and thirteen in block seventy-four, then and in that event the Terrell Electric Light Company and its assigns agrees and binds itself not to erect or operate in any manner any ice plant in connection with said light and power plant, and it is expressly provided herein that in the event said Terrell Electric Light Company does erect its electric light plant on the lots heretofore described, and does undertake to run or operate an ice plant in connection therewith then this franchise is thereby made wholly void.

"Sec. 5. Provided furthermore that this ordinance to be effective shall be signed by the mayor and secretary of said city and by the Terrell Electric Light Company."

Incidentally the foregoing ordinance is dated more than a year prior to the time the company was chartered, but inasmuch as it was probably passed in contemplation of the creation of the corporation, and inasmuch as counsel make no point on that fact, we merely record it as such. The town of Terrell, when the present controversy arose, was also operating within its corporate limits a municipal light plant for profit and for the purpose of lighting its own streets. Such fact does not appear from the statement of facts, but counsel assume it to be so, and in like manner we do. M. A. Joy is president of the Terrell Electric Light Company and owns all of the corporate stock therein, save four or five shares. Prior to the present controversy, and on January 10, 1916, the commissioners' court of Kaufman county upon the application of Joy, granted him the right or franchise to erect poles or towers and all necessary wires, devices and arrangements on all the public roads and highways of Kaufman county, for the transmission and use of electricity for light, heat, power and other purposes for a period ending in 1966. Thereafter, and on February 12, 1916, the Terrell Electric Light Company entered into a contract with the Texas Power & Light Company agreeing to take from it, at prices enumerated and agreed upon, whatever of electric power or energy it should require for any of its corporate uses or for the uses of its customers. Subsequent to the foregoing contract and in furtherance thereof the Terrell Electric Light Company, on March 15, 1916, entered into a contract with the Texas Construction Company, by which the latter for a recited consideration agreed to construct and equip for the Terrell Electric Light Company at or near the corporate limits of the town of Terrell a station for transforming electric current, and to build as well a line of poles and wires, etc., for the transmission of electricity from the transforming station to a point at or near the corporate limits of the town of Forney in Kaufman county. The transmission line so agreed to be built was under authority of the grant by the commissioners' court to M. A. Joy, and when built it was Joy's purpose to there connect his transmission line with that of the Texas Power & Light Company at said point in order to secure from said company electric current under the contract detailed, and in turn transmit the same back to the transforming station at Terrell, and there, after properly transforming it in turn, transmit same over the wires of the Terrell Electric Light Company for sale and delivery to its customers supplied thereby. It was to prevent the Terrell Electric Light Company from thus obtaining electric current and the Texas Power & Light Company and M. A. Joy from thus furnishing it that the temporary injunction was sought, and the refusal of which is the sole issue on appeal, although other grounds were urged in the petition.

The contention of appellant is, in substance, that the ordinance permitting appellee Terrell Electric Light Company to use its streets provides that such use is on condition that the electric current furnished by the company to its customers shall be manufactured by it, and that as a consequence the supplying of current in the manner proposed would be in violation of the ordinance, and would entitle appellant to the injunction.

[1-3] The appellee Terrell Electric Light Company, as we have shown, is authorized by its charter to supply electric light, etc., to its customers by any means, which clearly would include the right to purchase current from another and distribute and sell same to its customers as proposed by the contract with Texas Power & Light Company. And while the Legislature has committed to incorporate towns and cities "exclusive control and power over" its streets, alleys, etc. (article 854, Vernon's Sayles' Civ. Stats.), and while, as a consequence, the Terrell Electric Light Company could not enter upon the streets of appellant without its consent reasonably exercised, such consent may not limit or restrict the corporate authority conferred by the state. For, the paramount right to regulate public highways being primarily

in the Legislature, municipalities may not, under the grant of exclusive control of its streets, legislative on everything connected with the subject over which they possess limited authority, such as the manner and means of conducting the business so permitted the use of the streets. Galveston & Western Ry. Co. v. City of Galveston, 90 Tex. 398, 39 S. W. 97, 36 L. R. A. 33. However, a limitation of the general rule stated is that if the municipality annexes to a grant to enter upon its streets a condition, although without authority to do so, and the grantee voluntarily accepts the grant with the annexed condition, it cannot afterwards refuse to be bound thereby or be heard to deny the authority to impose same. Athens Tel. Co. v. City of Athens, 182 S. W. 42. The rule stated was adhered to in the case cited, and was a controlling issue. Writ of error was denied by the Supreme Court. Accordingly, the issue, on the record as submitted, narrows to whether the ordinance constituting the basis of Terrell Electric Light Company's right upon appellant's streets was granted upon condition that the electric current to be distributed and sold by the company in the conduct of its business should be manufactured by that company. Obviously the question is one of law arising upon the provisions of the ordinance as a whole. Upon a careful consideration thereof we conclude that the ordinance is not fairly susceptible of such construction. In reaching that conclusion we have not been unmindful of the rule that grants of public rights by municipalities are to be strictly construed in favor of the public and against the grantee, but have proceeded in the light of that rule. The construction sought to be placed upon the ordinance is based upon the use therein of the term "manufacture and vend." This term is found in section 1 of the ordinance. The substance of section 1 is that the town of Terrell will permit the Terrell Electric Light Company to erect therein a plant for the purpose, among other things, of manufacturing and vending electric current to the citizens of the town. If the consent of the city to erect the plant was necessary to the exercise of that right, nevertheless it cannot reasonably be said that the language of the section includes more than a bare permit or assent to the erection of the company's plant within the corporate limits of the city, free from condition or restriction. The language of the section by its common and ordinary meaning imports no more, and by that rule we are controlled in construing it. Article 5502, Vernon's Sayles' Civ. Stats. Section 2, when in like manner carefully and fairly analyzed, discloses no more than a similar bare permit, which as we have shown was necessary to the right to use the city's streets for the erection of poles, wires, etc., for the purpose of enabling the company to conduct its business. Sections 3 and 4 of the ordinance do, however,

in our opinion, contain conditions which the Terrell Electric Light Company are bound by under rule in Athens Tel. Co. v. City of Athens, supra. By section 3 it is provided, in substance, that the consideration for or the condition upon which the ordinance was enacted and that grant extended was that the company would, during the continuation of its franchise, furnish free to the city four arc lights at designated points upon the public streets, six incandescent lights at the city fire station, one at the mayor's office, and in addition light the city hall and the public school building. By section 4 it is provided, in substance, that in the event the company's plant is erected on certain city lots, it shall not, in connection with the light plant, operate as well an ice plant, and shall forfeit its rights under the ordinance if it violates such provision.

The foregoing are clearly conditions upon the observance of which the company's right to use the streets with its poles and wires depends. However, so far as the record discloses, such conditions are being observed, and any violation thereof is not urged as ground for the relief sought. The provisions are cited and attention directed thereto solely that the ordinance as a whole may be considered, and in order to illustrate our conclusion that the other sections relied upon by appellant do not contain conditions. A condition ordinarily is any qualification, restriction, or limitation modifying or destroying the full enjoyment or use of a right, etc. As by the ordinance under consideration the full use and enjoyment of the permit to manufacture and vend electric current and set poles and wires upon the streets of Terrell and transmit current over the same to its customers was subject to the qualification, limitation, or restriction that the Terrell Electric Light Company would furnish free the specified electric current, and would not maintain an ice plant upon the designated lots. It is an ancient maxim that the "expression of one thing is the exclusion of another," and it seems to us that the observance of that rule excludes the construction sought to be placed upon the ordinance by appellant, since the only condition found in the ordinance does not regulate the manner and means of securing the electric current. While we think it is probably certain that the Terrell Electric Light Company did intend to generate its own current when the ordinance was enacted, at the same time, in the light of the conditions actually imposed upon it by the appellant, it was not, in our opinion, contemplated by either party that it must do so as a condition precedent to its use of the streets. To do so would be to construe into a condition that which is at most a permit, and would be to attach to language used, in our opinion, more as matter of description or explanation than otherwise, an importance and significance not warranted

by the context and other provisions of the ordinance.

What we have said indicates that we are of opinion that the judgment of the trial court should be affirmed. We take occasion, however, to say that our disposition of the appeal determines only the issues and facts as presented, and is not to be considered as foreclosing any rights which may arise upon final trial as the result of other or different facts.

The judgment of the court below is affirmed.