## WITTY v. CORPUS CHRISTI PLUMBING CO. et al.

### No. 8398.

Court of Civil Appeals of Texas. San Antonio.
Feb. 5, 1930.

Rehearing Denied March 5, 1930.

E. B. Ward and K. D. Hall, both of Corpus Christi, for appellant.

Sidney P. Chandler and Emeline Jackson, both of Corpus Christi, for appellees.

FLY, C. J.

This is an appeal from an order of the trial court denying a temporary injunction and mandatory injunction, which were sought by appellant to compel appellees to disconnect their water pipe from a water pipe owned by appellant and to restrain them from again connecting with appellant's water pipe. The writs sought by appellant were denied.

The evidence shows that appellant owned the two-inch water pipe, which was perhaps 700 feet long, and that runs along the front of twelve lots owned and controlled by him; the pipe being laid between his property line and the sidewalk, or at least the land that will be used for sidewalks whenever constructed. The pipe was laid with the knowledge and consent of the authorities of the city of Corpus Christi. The main pipe was tapped by persons not living on appellant's property nor on that contracted for sale by him. When appellant disconnected the lateral pipe, it was, over his protest, again connected with his pipe, and this suit was the result. The pipe cost appellant about $600.

The evidence indicates that the city was satisfied with the pipe being laid where it was and has no objections to it. It did not assume to give permission to appellees to

connect, the officer merely stating that they could connect so far as he was concerned. The pipe was the property exclusively of appellant and he alone could authorize the use of the pipe. He gave no such permission, except on condition that the appellees would pay him $50. They refused to pay anything, and for the second time connected their pipe with appellant's pipe. Julio Garza, Pilar Alderete, and Augustino Ramirez are the appellees who had the pipe connection made. Appellant did not meet the parties named, but told Oscar Isensee that they might connect, but was afterwards informed by Oscar that they refused to pay, and said that they would arrange the matter at court.

The city had the authority to permit the pipe to be laid by appellant, and no one else has the right to the use of the franchise granted by the city. The fact that such franchise may not have been granted by ordinance could not be made the pretext of trespassers to use the property of appellant. They were invading his rights when they sought to use his property, and a court of equity should grant relief from the clear invasion of his rights. Pomeroy Eq. Jur. §§ 1347–1351.

The appellees in this case have no conceivable right to use appellant's property, and the writs sought by him should have been granted.

The judgment is reversed, and judgment here rendered that a temporary writ of injunction be issued, restraining appellees from connecting pipes with the pipe of appellant or in any manner interfering with the same, and appellant is granted a mandatory injunction commanding appellees to disconnect all pipes controlled by them from the pipe of appellant. And it is further ordered that appellees pay all costs in this behalf expended.