Motion to dismiss appeal allowed November 25, 1930; motion to recall
mandate and reinstate appeal denied February 3, 1931

## WEIR *v.* MARIOTT ET AL.
### (293 P. 944, 295 P. 449)

*Sims & Sims,* of Portland, for appellant.

*I. H. Van Winkle,* Attorney General, and *Arch Mac-Donald,* Assistant Attorney General, for respondents.

COSHOW, C. J. This case comes on for hearing
on motion to dismiss the appeal on the ground that
"this court is without jurisdiction to review the

subject-matter of this cause." This action was begun in the small claims department of the Justice Court for Salem district.

Mariott sought to recover the sum of $18 from defendant Weir for damages to Mariott's automobile. The proceeding was begun as prescribed in Oregon Laws, title XII, chapter V-A, and amendments thereto: Oregon Code 1930, title 28, chapter 14. After a hearing, both parties being present, judgment was rendered in favor of Mariott and against defendant Weir for the full sum demanded, to wit: $18. Thereafter said Weir appeared as plaintiff against the said defendant Mariott, who is plaintiff in the original action, and moved to quash the service of the summons on the ground that the small claims department of the justice court for the district of Salem, county of Marion, was without jurisdiction. Said motion having been denied the said Weir sued out a writ of review from the circuit court. At the hearing in said circuit court the said writ was dismissed and said Weir attempts to appeal to this court.

■■ Said Weir attempts to sustain his appeal by contending that the small claims department of the justice court is without jurisdiction to try a tort action. The statute does not limit the small claims department to actions based upon contract. It does limit the jurisdiction of the small claims department of justice courts "for the recovery of money only where the amount claimed does not exceed twenty dollars ($20), and where the defendant resides within the district of such justice court": Oregon Laws, § 953-1; Oregon Code 1930, 28-1401. Said claim "shall contain the name of the plaintiff and the name of the defendant, followed by a statement, * * * of the *nature* and amount of said claim and the time of the accruing of

such claim": Oregon Laws, § 953-5; Oregon Code 1930, 28-1405. Notice of the filing of the claim is to be given to the defendant. Said notice contains, among other things, "the name, address, amount and *nature* of the alleged claim": Oregon Laws, § 953-6; Oregon Code 1930, 28-1406. A claim for money only is based upon either a contract or a tort.

■ Since the statute has not limited claims to contracts in a small claims department of the justice court this court should not: Oregon Laws, § 548; Oregon Code 1930, 7-501, deprives this court of any jurisdiction in any action for the recovery of money or *damages* only, unless it appears from the pleadings in the case that the amount in controversy exceeds $250. Undoubtedly the action attempted to be brought here on appeal was for money only.

The purpose of the statute cited hereinabove was to prevent the appeal to this court of trivial cases. Bearing that purpose in mind the statute should be construed liberally for the purpose of carrying that purpose into effect.

The motion to dismiss the appeal is allowed.

Motion to recall mandate and reinstate appeal overruled

On Motion to Recall Mandate
(295 P. 449)

KELLY, J. On the 14th day of April, 1930, one of the respondents, A. F. Mariott, filed a claim in the small claims department of the justice's court for the district of Salem, Marion county, Oregon, in which it was alleged that appellant, Robert Weir, was indebted to the respondent in the sum of $18 for damages to an

automobile. On the 21st day of April, 1930, judgment was entered by the justice of the peace against the appellant and in favor of Mariott in the sum of $18 and costs.

On the 29th day of April, 1930, appellant caused a writ of review to issue out of the circuit court for Marion county, and, upon review of the case before said circuit court, the suit was dismissed and the judgment of the small claims court affirmed.

■ From the order of the circuit court dismissing the writ of review and affirming said judgment, Weir sought to appeal to this court.

On November 25, 1930, an order was made by this court dismissing this attempted appeal.

In a motion "for an order recalling the mandate and to reinstate this cause upon the trial calendar," we are told that in dismissing the appeal herein the court was unmindful of the provisions of Oregon Code 1930, § 8-103. This section reads thus:

"Appeal; Circuit to Supreme Court; Method of Taking. An appeal may be taken from the circuit court to the supreme court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action at law or suit in equity, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding." (L. 1927, c. 248, p. 314.)

By its terms, the above-quoted section accords the right of appeal from the circuit to the supreme court in a special statutory proceeding under the same conditions as from a judgment entered in an action at law. "A condition ordinarily is any qualification, restriction, or limitation modifying or destroying the full enjoyment or use of a right": *City of Terrell v. Terrell Electric Light Co.* (Tex. Civ. App.), 187 S. W. 966, 968.

Oregon Code 1930, § 7-501 (L. 1923, c. 153, p. 216), imposes a condition upon the right of appeal in actions at law. It is therein provided:

"* * * but no appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

The condition thus imposed upon the right to appeal from the circuit court to this court in actions for damages or money only is that the amount in controversy shall exceed $250. It affirmatively appears from the record in the instant case that this is a proceeding to review the record in an action at law for money or damages only and that the amount in controversy therein is but $18.

Applying the same condition to the attempted appeal in this special proceeding, that the statute applies to an appeal from a judgment entered in the very action at law the record of which is herein sought to be reviewed, we are constrained to adhere to our former holding to the effect that this court is without jurisdiction to entertain such an appeal.

The motion to recall the mandate and to reinstate this cause upon the trial calendar is overruled.