There being no error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

█ Appellant insists that he was entitled to a charge on self-defense from the standpoint of an attempted illegal arrest.

█ Under the facts we cannot agree with such contention. The jury were told if they found appellant had not either alone or acting with one Lemley committed the offense of arson, and that the officers fired at or toward them, that they would have the right of self-defense, and that if appellant fired at the officers under such circumstances they would acquit him. This was all that appellant was entitled to under article 1222, P.C. McKee v. State, 118 Tex.Cr.R. 479, 42 S.W.2d 77; Williams v. State, 120 Tex.Cr.R. 484, 48 S.W. 2d 304. If appellant and Lemley had committed, or were engaged in committing, an offense which was a misdemeanor, there would be ground for appellant's contention. In Reed v. State, 11 Tex.App. 509, 40 Am. Rep. 795, cited by appellant, this is made clear in the following language: "If he was engaged in the commission of a felony, and, to prevent its commission, the party seeing it or about to be injured thereby makes a violent assault upon him, calculated to produce death or serious bodily harm, and in resisting such attack he slay his assailant, the law would impute the original wrong to the homicide and make it murder. But if the original wrong was or would have been a misdemeanor, then the homicide growing out of or occasioned by it, though in self-defense from an assault made upon him, would be manslaughter under the law."

We have considered the other matters presented in the motion for rehearing regarding criticism of certain portions of the court's instructions to the jury. When the charge is taken in its entirety we believe the criticisms are not meritorious.

The motion for rehearing is overruled.

## CONSOLIDATED WATER CO. et al. v. CITY OF TALCO.

### No. 5390.

Court of Civil Appeals of Texas. Texarkana.

March 3, 1938.

Weeks, Hankerson & Potter, of Tyler, for appellants.

Howard Martin, of Talco, for appellee.

**HALL, Justice.**

On July 23, 1937, appellee filed its application for and was granted a temporary injunction against appellants prohibiting them "from selling, marketing or delivering through their pipe lines in said City of Talco any water to any person, firm or corporation, within the corporate limits of the City of Talco, Texas, pending a hearing and final determination of this suit." In its petition, upon which the temporary injunction was granted, appellee alleged that it was a municipal corporation; that appellants were an association or partnership doing business under the trade-name of Consolidated Water Company with its offices located in Titus county, Tex.; that appellee theretofore under authority of law had issued revenue warrants with which it had constructed a water and sewer system and had put the same into operation on June 23, 1937; that said revenue warrants were to be paid out of the revenues derived out of the sale of water to both domestic and commercial users; and that, "in order that the revenues may be sufficient with which to retire the revenue warrants or bonds outstanding, it should have the right and is claiming the right to sell its surplus water to commercial users within said city in order that the system may be ultimately paid for and thereafter be owned by the said City of Talco, free and clear of all indebtedness, and in order that the revenue from said system may thereafter be applied against the governmental operation expenses of said city, and thereby relieve the tax burden of said city; that it was necessary for the City of Talco to sell the surplus water in order to meet the payment on said warrants or bonds now outstanding," etc. Appellees also alleged that on or about July 28, 1936, by ordinance duly enacted, appellants or their assignees were granted an easement or pipe line franchise from the City of Talco "for the purpose of building, installing, operating and removing a pipe line or lines, or gathering-line system to be used for and in order to transport oil and/or gas from what is known as the Talco oil field, located in and being also adjacent to the City of Talco, to other points of destination." Appellee alleged further that after the granting of the franchise or permit to lay pipe lines in the City of Talco for the purpose of transporting oil and/or gas, appellants began transporting water through said lines to drilling operators within said city; that this practice has continued until the filing of this suit; that appellee set a rate of $750 per well for drilling water furnished, which it alleged was reasonable; that appellants were furnishing drilling water at the rate of $450 per well in direct competition to appellee, thereby depriving appellee of this needed additional revenue; that on account of additional oil wells to be drilled within the corporate limits of the City of Talco, if permitted to furnish the water therefor, appellee will receive the sum of approximately $15,000; that "the City of Talco will be deprived of this sum of money, and other large revenues, and thereby suffer irreparable loss and damage unless this court (district court) enters its most gracious writ of injunction restraining and enjoining the said Consolidated Water Corporation, its members, agents, servants and employees from continuing to furnish water to commercial and domestic consumers in direct competition with the City's own water system, and will probably be unable to meet the payments due on the outstanding bonds and warrants of said system and thereby lose the said waterworks and sanitary sewer system by foreclosure proceedings of the bond holders." Appellee alleged further that appellants were at the time engaged in furnishing water to one or more wells within the corporate limits of said city which would be completed before hearing, thereby causing loss to the city of more than $1,000, which created such an emer-

gency as to warrant the lower court in granting the temporary injunction without notice or hearing. Appellee's prayer was that after hearing the temporary injunction be made permanent. The petition was duly verified. Immediately after the granting of the temporary injunction appellants filed a supersedeas bond in the amount fixed by the court and brought the cause before this court for review.

On January 27, 1938, upon a verified motion by appellants, this court, in order to protect the subject matter of this appeal, granted an injunction against the appellee, City of Talco, enjoining and restraining it "from exacting the promise and imposing the condition upon applicants for well drilling permits, that they will purchase their drilling water from the municipally owned water plant of the City of Talco; that they be further enjoined and restrained from cancelling or threatening to cancel drilling permits which had been issued, or which may hereafter be issued, unless drilling water necessary for such wells be purchased from the municipally owned water plant of the City of Talco."

▇▇▇ Appellee's original petition alone was before the trial court when the temporary injunction was granted, so the only question before this court is whether the allegations of said petition were sufficient to support the action of the lower court in granting said temporary injunction. City of Paris v. Sturgeon, 50 Tex.Civ.App. 519, 110 S.W. 459, writ refused. The ordinance which granted to appellants the privilege of franchise to lay their pipe line within the city specifically designated the use to which said pipe line was to be put —that of transporting oil or gas from oil wells within the city. Nothing in said ordinance even remotely suggests the idea that said pipe line was to be used to transport water into the city, and such use by appellant, as alleged in appellee's petition, was, in our opinion, contrary to the very terms of the ordinance granting the privilege or franchise. In other words, the ordinance gave appellants no authority to lay pipe lines under the streets and alleys in the city for the purpose of transporting water into the city. The transporting of water through their pipe lines into the City of Talco under a privilege or franchise permitting them to transport oil or gas amounted to a wrongful use of said privilege. In Abbott on Municipal Corporations, Vol. 3, p. 2120, § 907, it is said:

"The contract between a public corporation and the one supplying water, light or power, determines the relative rights of the parties in respect to a change of or an increase in the number of commodities furnished. The rule of strict construction applies as stated in a preceding section and where, therefore, a grant of the right to use the public highways for the purpose of supplying either water, light or power is not general in its terms but describes in specific language the particular business which can be legally carried on by the grantees of the right, that grantee can not lawfully engage in supplying another commodity resulting in the same benefit or put the articles which it is authorized to supply for a designated purpose to another purpose; neither can the grantee of such a license or contract increase the number of commodities supplied by him though in a general way the business of furnishing them is similar in character. The application of these rules forbid a company authorized to supply electric light from furnishing an electric current for power though generated by the same plant and conveyed by the same wires or some of them. Neither can a company authorized to supply water or light alone engage in the business of furnishing both water and light. The rule also prevents a corporation organized for the purpose of manufacturing and selling artificial gas from using natural gas for the same identical purposes, and one authorized to furnish gas from supplying electricity." Appeal of Scranton Electric Light & Heat Co., 122 Pa. 154, 15 A. 446, 1 L.R.A. 285, 9 Am. St.Rep. 79.

Appellee had no right to lay its pipe lines in and across the streets and alleys of the City of Talco without the permission of said city. Jacksonville Ice & Electric Co. v. Moses, 63 Tex.Civ.App. 496, 134 S.W. 379, writ refused. This permission was given for the purpose of transporting oil and/or gas out of the city and not water into the city. The appellee, City of Talco, had a right to know the purpose for which the franchise was sought. The city was not compelled to grant the privilege or franchise. It could withhold it, and certainly it will not be concluded that the city would grant a franchise to appellants for a period of five years to transport water into said city to be sold to commercial users when it had a water system, either under construction or in contemplation.

We find no error in the action of the trial court in granting the temporary injunction against appellants, and the judgment is affirmed.

The order of this court of date January 27, 1938, granting an injunction against the appellee, City of Talco, pending this appeal, is dissolved and held for naught.