**WEST TEXAS UTILITIES COMPANY,**
Appellant,

v.

**The CITY OF BAIRD, Appellee.**

**No. 3203.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 6, 1956.

Rehearing Denied Jan. 27, 1956.

Wagstaff, Harwell, Alvis & Pope, Abilene, Lyne, Blanchette & Smith, Dallas, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, Jackson & Jackson, Baird, for appellee.

COLLINGS, Justice.

This is an appeal from a judgment in favor of plaintiff, The City of Baird, Texas, permanently enjoining the defendant, West Texas Utilities Company, and its representatives, from selling or offering for sale or furnishing electricity for lights or power to any person or persons, firms or corporations within the City of Baird after May 5, 1955, the date of the judgment. West Texas Utilities Company has appealed.

An opinion was heretofore entered in all things affirming the judgment of the trial court. After a consideration of appellant's motion for rehearing we have concluded that the original opinion should be, and it is hereby withdrawn and the following is substituted therefor.

Appellant, West Texas Utilities Company, acquired, in 1923, and thereafter held, until it expired, a franchise to construct, maintain and operate an electric light and power plant and distribution system in the City of Baird, Texas, with the right to erect, construct and maintain poles, posts, wires, transformers and other apparatus necessary therefor in, upon and across the streets, alleys and public grounds of the City, and with the right to furnish light and power during the term of the franchise to all public and private customers. This franchise, which was granted for a term of forty years, expired on March 19, 1955. Appellant has, since the expiration of the franchise, continued to operate and to serve some customers with electric lights and power in the City of Baird.

On or about March 1, 1955, appellant company began construction of an underground service within the City of Baird from a point on its lines on the T. & P. Railway Company's right of way, tunnelling under First Street to two of its customers, The Southwestern Bell Telephone Company's Repeater Station and the Callahan County Farmers' Cooperative Feed Mill. This operation was entirely underground and did not disturb the surface of any of the City's streets or alleys.

Appellant company contends that the court erred in holding that it has no right to operate its light and power business in the City of Baird because such holding prohibits a business which is lawful and authorized under the company's charter and

the statutes of the State. Appellant urges that it has the right to furnish and sell electricity and power to its customers in the City when they are served through transmission lines which are all located on private property and no use is made of the City's streets, alleys or public grounds. In this connection, appellant points out that its electric transmission line from the West city limits to the East city limits of the City of Baird is entirely on property owned by the Texas and Pacific Railway Company over which it has, by condemnation proceedings, acquired a right of way easement; that it has also condemned rights of way for lines connecting at right angles with its main east and west line extending north across the railroad from the Railway Company and thence under First Street, from adjacent property owners, a depth of 7½ feet, to connections with the Southwestern Bell Telephone Company's relay station and the Callahan County Farmers' Cooperative Feed Mill; that appellant company also has service connections on the outer limits of the City which it serves from nearby transmission lines which do not cross or encroach upon any of the City's streets or alleys.

Appellant, West Texas Utilities Company, is a public utility corporation and under its charter is authorized to furnish and sell electricity to the public generally. It is engaged in the business of selling and distributing electricity to the public for light, heat and power and in the operation of such business, is a public utility. Appellant operated its power and light business in the City of Baird for many years under a franchise from the City but that franchise expired on March 19, 1955.

The material issues presented for consideration are whether an electric utility company must have a franchise from a City to entitle it to engage in the business of furnishing and selling electricity to customers within the City (1) through distribution lines which reach the customers by tunnelling under a city street, or (2) by service connections on the outer limits of the city through transmission lines which do not cross or encroach upon any of the city's streets or alleys.

A franchise is defined as a special privilege conferred by the government on individuals which do not belong to the citizens of the country generally as a common right. State v. Austin & N. W. R. Co., 94 Tex. 530, 62 S.W. 1050. A franchise is a right or privilege granted to a corporation or individual to do things which such corporation or individual otherwise could not do, such as the construction, maintenance and operation of utility transmission lines either above or beneath the surface of the city's streets and alleys. Washington Water Power Co. v. Rooney, 3 Wash.2d 642, 101 P.2d 580, 127 A.L.R. 1044; 19 Tex.Jur. 876, 879; Vernon's Texas Constitution, Article 1, Section 17; G. C. Ry. Co. v. G. C. S. Ry. Co., 63 Tex. 529; 37 C.J.S., Franchises, § 2, p. 147; 23 Am.Jur. 715.

The legislative department of the government is the source of a grant of a franchise. It may exercise this authority by direct legislation or through agencies established with power for that purpose. By statutory authority, incorporated cities and towns in this state have exclusive control and power over their streets, alleys and public grounds. Article 1016, Vernon's Annotated Texas Civil Statutes.

"Any incorporated city or town containing not more than five thousand population in this State shall have the exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon; to open, alter, widen, extend, establish, regulate, grade, clean and otherwise improve said streets; to put drains or sewers therein, and prevent incumbering thereof in any manner, and to protect same from encroachment or injury".

Also by statute, any corporation engaged in the distribution of electric energy in this state has the right to construct, maintain

188

and operate its distribution lines over, under, across, upon and along any highway or road, except within the limits of incorporated cities and towns. Within incorporated cities and towns such corporations may construct, maintain and operate lines over, across and along streets and alleys with the consent and under the direction of the governing body of the municipality. Article 1436a, Vernon's Annotated Texas Civil Statutes.

█ There is no question about the rule that a public utility corporation has no right without a franchise to use the streets and alleys of any incorporated city or town in the operation of its public utility business. Texas-New Mexico Utilities Co. v. State ex rel. City of Teague, Tex.Civ.App., 174 S.W.2d 57, RWM. Appellant concedes that without a franchise it has no right to so use the streets and alleys of the City of Baird. It contends, however, that, since it is a public utility corporation duly authorized to engage in the business of selling and distributing electricity, it has the right to operate its public utility business and serve customers within the City of Baird without a franchise where it is able to supply its customers through transmission lines which are located on private property and do not encroach upon or interfere with the use of the surface of the city's streets and alleys. It contends that the service of customers by tunnelling under a city street or alley in such a way as not to disturb the surface is not a use of such street or alley.

In our opinion, the construction and maintenance of distribution lines by tunnelling under the street is a use of the street as contemplated in the statutes under which incorporated cities derive their power and control over streets and alleys. Article 1436a, supra, expressly grants the right to electric power corporations to tunnel under highways and roads except within an incorporated city where the right is denied in the absence of permission by the city. A municipal corporation has the power to grant to public utilities the use of its streets for necessary underground conduits. 64

C.J.S., Municipal Corporations, § 1726, p. 149; Consolidated Water Company v. City of Talco, Tex.Civ.App., 116 S.W.2d 411. A municipal corporation may also grant to a private individual the right to use space under its streets for private purposes. Witty v. Corpus Christi Plumbing Company, Tex.Civ.App., 25 S.W.2d 169.

The power of a municipal corporation to grant to a public utility or private individual the right to use space under or over its streets and alleys necessarily implies the power to refuse that right. Appellant, in the absence of a franchise, from appellee City has no right to engage in the business of selling electricity to customers within the City through distribution lines which reach customers by tunnelling under its streets. The City of Baird in the exercise of control over its streets and alleys has the power either to permit or prohibit the use of the space below the surface of its streets and alleys by appellant for its transmission lines, whether such lines were placed there by tunnelling or otherwise. 64 C.J.S., Municipal Corporations, § 1806, p. 275; Incorporated Town of Ackley v. Central States Electric Co., 204 Iowa 1246, 214 N.W. 879, 54 A.L.R. 474; Witty v. Corpus Christi Plumbing Company, supra; Consolidated Water Company v. City of Talco, supra.

█ The remaining question concerns the right of appellant, West Texas Utilities Company, to sell electricity to inhabitants of the City of Baird through transmission lines which do not cross, tunnel under or otherwise encroach upon any of the City's streets or alleys. This question was answered by our Supreme Court in the case of Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S.W. 930, where it was held that the right to operate a business in the nature of a public utility cannot be prohibited by a city; that the city has only the power to prohibit the use of its streets and alleys in the operation of such business. In such case at page 935 of 144 S.W. the following language was used:

"The right to sell water to the inhabitants of the city of Ennis and to

the city was a natural and inherent right in Morrison, as it existed in every other citizen, and no authority to exercise that right was required to be secured from the city of Ennis, but as the exercise of the right to use the streets and highways of the city for the purpose of delivering the water he had the inherent right to sell was another question."

Language to the same effect is found in the case of Bartlesville Electric Light & Power Co. v. Bartlesville Interurban Railway Company, 26 Okl. 453, 109 P. 228, 229, 29 L.R.A.,N.S., 77:

"Defendant does not undertake to compete with plaintiff for the business of the city and its inhabitants by furnishing to them light and power other than by the use of the streets and alleys. Its right to sell light and power is not dependent upon any franchise, but its right to use the streets and public grounds of the city for that purpose does depend upon the consent of the city * * *."

The facts of the above cited cases do not show an attempt to sell and distribute without a franchise electricity or water other than by the use of city streets and alleys. We have been unable to find any case where the facts do show such an attempt. However, the power which municipalities have under the laws of this and other states over public utilities to prohibit or to control the operation of their business, except in the exercise of police power appears to be predicated upon the statutory power to control the use of their streets, alleys and public grounds. Articles 1016, 1119, 1436 and 1436a, Vernon's Annotated Texas Civil Statutes. The cases in Texas and those which we have been able to find in other states which hold a public utility corporation without power to operate its business in an incorporated city without a franchise appear to be based upon this theory. Texas-New Mexico Utilities Co. v. State ex rel. City of Teague, supra; Consolidated Water Company v. City of Talco, supra; State ex rel. City of Jasper

v. Gulf States Utilities Company, 144 Tex. 184, 189 S.W.2d 693; City of Terrell v. Terrell Electric Light Co., Tex.Civ.App., 187 S.W. 966.

West Texas Utilities Company's right to sell electricity was not dependent upon a franchise from The City of Baird. Its right to use the city streets and alleys in the operation of that business was dependent upon a franchise from that city. The judgment of the trial court was erroneous insofar as it enjoined appellant from selling and furnishing electricity to customers within The City of Baird through transmission lines which do not cross over, under or encroach in some manner upon the City's streets, alleys or public grounds.

■ As heretofore noted, appellant's franchise under which it was authorized to use the streets, alleys and public grounds of the City of Baird for the construction, maintenance and operation of its distribution lines in the operation of its business of furnishing power and light to inhabitants of the City of Baird has expired. Appellant no longer has any right to use the streets, alleys and public grounds of appellee City in selling electricity to customers within the city. The right, or determination of the right, to engage in such business within its corporate limits by the use of its streets and alleys rests and resides in the legislative body of that city. City of Brenham v. Brenham Water Co., 67 Tex. 542, 565, 566, 4 S.W. 143; West Texas Utilities Co. v. City of Spur, 5 Cir., 38 F.2d 466; City of Vernon v. Montgomery, Tex.Civ. App., 265 S.W. 188, Ref.

Appellant's action in continuing to operate its utility business within the city after expiration of its franchise by selling electricity to customers therein through distribution lines which reach customers by tunnelling under a city street is an interference with the right and power of the city in the control of its streets and alleys and of the enjoyment of the franchise right of the operation of public utilities by using its streets and alleys. The right of franchise is a property right and the City of Baird was entitled to an injunction re-

straining appellant's unwarranted attempts to exercise such right in derogation of and in competition to the rights of the City. 19 Tex.Jur. 876 and 880.

The judgment of the trial court is affirmed insofar as it restrains appellant, West Texas Utilities Company, from selling or furnishing electricity for lights or power within the corporate limits of the City of Baird through distribution lines which reach customers by encroaching upon, passing over or tunnelling under city streets, or alleys or public grounds. The judgment is reversed and here rendered for appellant insofar as it enjoins the West Texas Utilities Company from selling and furnishing electricity for lights and power to customers within the City through transmission lines which do not cross over, under, or encroach in any manner upon the City's streets, alleys or public grounds.