Charles F. DAVIS et al., Appellant,

v.

The STATE of Texas ex rel. INCORPORAT-
ED TOWN OF ANTHONY et al.,
Appellees.

No. 5209.

Court of Civil Appeals of Texas.

El Paso.

Dec. 12, 1956.

Rehearing Denied Jan. 9, 1957.

Guinn & Guinn, El Paso, for appellants.

John Ben Shepperd, Atty. Gen., Will D.
Davis, Asst. Atty. Gen., William B. Jen-
nings, Andress, Lipscomb, Peticolas & Fisk,
El Paso, for appellees.

FRASER, Justice.

The State of Texas through its Attorney
General, John Ben Shepperd, on the rela-
tion of the town of Anthony, filed suit
against the appellant, Charles F. Davis,
which it designated as a petition and in-
formation in the nature of a quo warranto
seeking an injunction requiring the defend-
ant to remove his water pipes and other
equipment from the streets in the town of
Anthony on the ground that he had no right
of franchise from the town of Anthony
or any public body or permit or consent for
the use of such streets, alleys and public
places within the town of Anthony. Appel-
lant Charles F. Davis, by way of answer,
admitted that he had no franchise and
claimed no rights under franchise for his
pipes being in the streets and alleys of the
town of Anthony, and by way of answer
and cross-action set up a claim of title to

property by way of private easement and alleged that he at no time attempted to acquire any claim to the public easement over the streets, alleys and public places which admittedly were controlled by the town of Anthony, denied any interference by his private easements with the exercise of public easement which the town of Anthony controlled. He admitted that his rights were not based upon a grant in a public easement by any governing body including the town of Anthony, and alleged that he had a right to leave his lines in the land over which the streets run so long as same do not interfere with the public easements of the city, and alleged that he at no time had interfered with such public easements and was not doing so at the time of the trial.

Appellees filed a motion for summary judgment, and testimony in the form of deposition was taken with respect thereto. The trial court granted the summary judgment. Later on, appellees filed their motion in this court to affirm the judgment of the trial court on certificate, by reason of the failure of appellant to file his transcript within twenty days as required by Rule 384, Texas Rules of Civil Procedure. This court first granted this motion and ordered the appeal dismissed, and then later, on motion for rehearing, set aside the affirmance on certificate and reinstated said cause on the docket of this court.

The points of contention in this case are as they appear in the statement of facts which we have just set forth. We have now examined the entire record and the briefs of the parties, and believe that the judgment of the trial court must be affirmed.

 With regard to appellees' counterpoint, urging that this appeal should be dismissed because we lack jurisdiction due to appellant's failure to file his transcript within the twenty day limit set for quo warranto cases, we think this point is good. We have permitted appellant to reinstate his appeal and have examined the entire record, and it is clear that this case was filed and ac-

cepted by the trial judge as a quo warranto proceeding. The record indicates that thereafter, and until this appeal, the case was tried and treated by all parties as a quo warranto proceeding. There is nothing in the record to show that appellant objected to the trial judge accepting the information and treating the case as quo warranto. In fact, he does not so argue until the matter of his transcript being late was presented to this court. We think, therefore, that this case comes to us as a quo warranto proceeding, and, under the rules, appellant had only twenty days to get his transcript up. Failing that as he did, we therefore hold that the judgment of the trial court must be affirmed on certificate.

 However, in case we are wrong in so holding, we have considered the case on its merits and must hold that, even though appellant had got to this court in time and in proper order, he did not present matters that would require any reversal of the case. As indicated from our statement of facts, plaintiff was unable to establish that he had any easement in the streets of Anthony. His proof consisted, in short, of his statements that he had secured from the respective house owners an order to serve them with water, and he contends that that gave him an implied or oral easement to go under and lay his lines in the streets of a then unincorporated town. Anthony is now an incorporated town and, since its incorporation, having been unable to work out a satisfactory arrangement with appellant, has ordered him to remove his pipes and lines. It is elementary that an incorporated city such as the one here involved has the right to control the use of its streets. It has also been established that laying pipes or other types of conduits under the streets constitutes a use thereof. The law has long been well settled by many courts that a city, in exercising its powers on behalf of the welfare of its citizens, has the control of its streets, both above and below the surface thereof. This is particularly true in the present case where the plats and streets were laid out, dedicated, and used by the

public long before incorporation. If appellant's position here that the abutting house owners did and could have granted him an oral easement in these streets were sustained, such would have effectively prevented the city, when it did incorporate, from exercising the controls granted to it by the State laws. Also, appellant's position would, in effect, create a perpetual easement as there is no term involved. Also, we have not found any authority to support appellant's position that the abutting owners could have, by their permission, implied or direct, to appellant to use the streets, created any sort of an easement, especially in view of the fact that it has long been established that limitation or prescription cannot be employed to further such purpose in a matter of this sort, where an incorporated city is involved. We must therefore hold that the city was within its powers and authority to require appellant to cease from using the streets as he was, because appellant did not establish any legal right under the present set-up to continue using the streets of the incorporated City of Anthony, which had never granted him any sort of permission to so do. It has been held that he who engages or installs any sort of public utility service in an unincorporated area must be presumed to know and take into consideration that, should such unincorporated area become incorporated, or annexed to an incorporated area, such incorporated city or town will have control over the streets, and the power to grant or refuse franchise for the use thereof. We therefore do not find merit in appellant's points of error. West Texas Utilities Co. v. City of Baird, Tex.Civ.App., 286 S.W.2d 185; Incorporated Town of Hempstead v. Gulf States Utilities Co., 146 Tex. 250, 206 S.W. 2d 227; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S.W. 143; Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S.W. 930; 19 Tex.Jur. 876 at 880; State ex rel. City of Jasper v. Gulf States Utilities Co., 144 Tex. 184, 189 S.W.2d 693; City of Terrell v. Terrell Electric Light Co., Tex.Civ.App., 187 S.W. 966; 39 Tex.

Jur. 591, also 531; City of Beaumont v. Calder Place Corp., 143 Tex. 244, 183 S.W. 2d 713; Texas-New Mexico Utilities Co. v. State ex rel. City of Teague, Tex.Civ. App., 174 S.W.2d 57.

The appellees' counter-point I is accordingly granted. Our former holding overruling appellees' motion to affirm on certificate is withdrawn, and the judgment of the trial court affirmed on certificate.