## STATE OF TEXAS EX REL CITY OF JASPER V. GULF STATES UTILITIES COMPANY.

No. A-503.  Decided July 18, 1945.
Rehearing overruled October 31, 1945.
(189 S. W., 2d Series, 693.)

*Grover Sellers,* Attorney General, *W. V. Geppert* and *B. A. Hamilton,* Assistants Attorney General, and *Vinson, Elkins, Weems & Francis* and *Victor W. Bouldin,* of Houston, for petitioners.

The Commissioners court of Jasper county was without power to grant the franchise upon which respondents relied and it is therefore void. Neither is the City of Jasper estopped by said purported franchise from passing an ordinance requiring the removal of said poles and lines from its streets and alleys. Texas & Pac. Ry. Co. v. City of El Paso, 126 Texas 86, 85 S. W. (2d) 245; Bland v. Orr, 90 Texas 492, 39 S. W. 558; Cleveland v. Ward, 116 Texas 1, 285 S. W. 1063; Galveston, H. & S. A. Ry. Co. v. Uvalde County, 167 S. W. (2d) 305.

*T. Gilbert Adams,* of Jasper, and *Orgain, Carroll & Bell,* of Beaumont, for respondents.

Plaintiff's petition as a matter of law was insufficient as a basis for the proceeding in question. Gillis v. Rosenheimer, 64 Texas 243; Ware v. Welsh, 149 S. W. 263; Johnson v. Elliott, Tax. Col. 168 S. W. 968.

The city, by giving its oral consent to the maintenance of the lines and poles in the streets and alleys, and by the collection of rentals of same for a period of some seventeen years, during which time the company was permitted to make improvements and extentions to its lines, was an acquiesence with its operations in the city and such conduct estopped said city from changing its position and asking for the ouster of the company. City of Baird v. West Texas Utilities Co., 174 S. W. (2d) 649; Boydston v. Rockwall County, 86 Texas 234, 24 S. W. 272; Sluder v. City of San Antonio, 2 S. W. (2d) 841.

Mr. Judge Taylor, of the Commission of Appeals, delivered the opinion for the Court.

The state, ex rel city of Jasper, sued Gulf States Utilities Company in a quo warranto proceeding to enjoin the company from further using the streets and alleys of the city for the purpose of conducting therein its public utility business of selling electric current; and sought, by way of ancillary relief, a mandatory injunction to enforce removal of the company's property from the city's streets and alleys.

Petitioner alleged that in February, 1944, the city council enacted an ordinance declaring further use of the city's streets and alleys by the company was without authority of law and contrary to the public interest, and directed the company to remove its poles, wires and property therefrom within 90 days, subject to application by the company for extention of time for completing removal in case of necessity.

The company refused to comply and, when sued, pleaded in defense of its action that prior to the incorporation of the town of Jasper the commissioners' court of Jasper county granted a franchise and permit to the company's predecessor to make use of the streets and alleys in the town for its business purposes, and thereafter enlarged and extended its privileges; and that the city assessed and collected street rentals and occupation taxes from the company for a specified period.

The state in addition to setting up as grounds for its procedure the matters recited in the ordinance as grounds for its enactment, alleged that the purported franchise of the commissioners' court and extentions thereof were without authority of law, void and of no effect and not binding on the city, which became an incorporated city on October 29, 1926; and also that the company's further use of the streets without authority and the exercise by it of power not conferred by law, would continue unless enjoined. The company's answer joined issue on the alleged invalidity of the commissioners' court franchise and asserted its rights, notwithstanding the city's ordinance, to continue to use the city's public ways for its purposes under the purported franchise until 1960.

The court rendered judgment denying the city all relief prayed for and discharged the company with its costs. The Court of Civil Appeals affirmed the judgment. 185 S. W. (2d) 501. The State's application for writ of error was granted on the first and second points, which are substantially (1) that the commissioners' court was without power to grant the franchise on which the company was relying for its continued use of the

streets and alleys; and (2) that neither the State nor the city was estopped, under the facts, to question the validity of the purported commissioners' court franchise; or to deny that the city had consented to the use of its streets and alleys under the terms and conditions of said county franchise. We adhere to the view entertained when the writ was granted, but before proceeding to a statement of the reasons therefor notice will be taken of contentions made by each of the parties with respect to the pleadings of the other; and also of the somewhat inconsistent grounds upon which the Court of Civil Appeals decided the case.

■ The company questions whether the State's allegations were sufficient, as a basis for the relief sought. We hold that they are. The suit is a quo warranto proceeding in which injunctive aid was sought as a means of enforcing the relief prayed for. It was filed pursuant to Title 111 R. C. S. dealing with quo warranto proceedings. Arts. 6253 to 6258, inclusive. Article 6253 provides that "if any person shall usurp * * * or is now intruded into, or unlawfully * * * executes any * * * franchise, * * *, the attorney general, * * * at the instance of any individual relator, may present a petition to the district court of the proper county for leave to file an information in the nature of a quo warranto in the name of the State.* * *" Article 6257 provides for entry of a judgment of ouster. Article 6258 provides that the prescribed remedy and mode of procedure were cumulative of any then existing. The State's pleadings were within the prescribed requisites of title and the allegations bearing on the ancillary relief of injunction, while general, were sufficient as a procedural aid to accomplish the ouster sought by the State and city. See in this connection Texas Trunk R. C. v. State, 83 Texas 1, 18 S. W. 199; Ware v. Welch, 149 S. W. 263, 269; and State Ex Rel Monarch Transfer & Storage Co., 323 Mo. 562, 20 S. W. (2d) 60, 63. We are in accord with the holding of the Court of Civil Appeals that the State's pleadings were sufficient to support a judgment granting the relief sought by the State for itself as well as on behalf of the city.

The Court of Civil Appeals did not find it necessary under its view of the case to decide whether the commissioners' court had the power to grant the franchise and extentions in question. It appears to have placed its decision upholding respondent's defense of the ordinance in question on its view that *the city having authority to adopt as its own the commissioners' court franchise in question, did so without formally so stating.* This view is thus expressed in the Court's opinion: "* * * *

since the city of Jasper had full authority to grant such franchise they could adopt same as their own act by consent and ratification, which the trial court in substance concluded they had done."

The decision is not put squarely on the view that the city adopted as grants of its own the rights and privileges now asserted by the company, as the following closing statement of the court's opinion discloses:

"The city having dealt with the appellee as it did, recognizing all of its asserted rights, assessing and collecting taxes of various kinds, and committing many other affirmative acts tending to show consent and acquiesence, we are of the opinion that, by whatever name it may be called whether estoppel or some other form of legal terminology, it will be conclusively presumed that the city gave its consent to the appellee to carry on its business in the City of Jasper under the terms and provisions of the franchise granted by the commissioners' court of Jasper county, *and that they will not now be heard to assert the invalidity, if any, of such franchise.*" (Italics ours.)

The view last suggested, it will be observed, is not that the city adopted and conferred upon the company as its own grant, the purported privilege of the commissioners' court franchise, but rather that the city "will not now be heard to assert the invalidity" of that franchise. In other words, taking the opinion as a whole (as it is our duty to do) the decision of the case was predicated partly upon the view that the city council had made actual grants of authority to respondent and its predecessors, and partly upon the view of estoppel on the part of the city to question the validity of the commissioners' court franchise.

Petitioner contends the company did not rely upon, and did not plead, estoppel. It did not so plead in terms, and appears to have alleged an unconditional impairment of vested rights which would be entailed by an enforcement of the ordinance which the city had no lawful authority to enact. Without deciding whether the company in its answer affirmatively set up facts against the city facts which would entitle the company to invoke against it the doctrine of estoppel, such question will be dealt with as having been raised by the pleadings.

We cannot agree that the trial court concluded, or that it could correctly conclude under the undisputed facts, that the city adopted as its own by consent and ratification the commissioners' court franchise. The trial judge made four findings of

law which reflect the basis of its conclusion. They are, briefly stated, as follows: (1) that the ordinance in question enacted by the city on February 16, 1944, was void and unenforceable; (2) that the company had not violated any lawful rule or ordinance and had the right to continue to use the streets and alleys of the city; (3) that the rights and privileges granted by the commissioners' court franchise in 1910 for 25 years (transferred by trustee in 1911 to Jasper Electric Company), and those rights and privileges thereafter granted by the commissioners' court to the Jasper Electric Company ( running to it and its assigns) and by the court extended to 1960, were rights and privileges which Gulf Utilities Company (respondent) acquired in 1927 by purchase, and had the right to continue to enjoy; and (4) that the city of Jasper, after it became an incorporated city (1926) consented to, acquiesced in and ratified, the rights and privileges contained in the grants by the commissioners' court, and that by virtue thereof, the company, having made expenditures and paid to the city taxes (including occupation and street taxes) had a right to continue to make use of the city's streets and alleys until February 1960.

The trial court does not state in any one of its four conclusions of law that the city of Jasper adopted as its own the purported rights and privileges contained in the commissioners' court franchise, and extentions thereof. The facts are undisputed that the ordinance specifically declared that respondent was using the streets and alleys of the city in the conduct of the company's light and power public utility business within the city, without the city's permission or without a franchise or permit from the city to do so. The company, upon receipt from the city secretary of a copy of the ordinance replied thereto by letter, but made no claim of any *grant of right from the city* of such franchise or permit. On the other hand it is undisputed that the letter contains the following statement:

"You * * * are advised that the Gulf States Utilities Company is operating in Jasper and Jasper County under franchise *duly granted by the commissioners' court of Jasper, Texas in 1925, to the Jasper Electric Company, its successors and assigns * * * which franchise and rights * * * were acquired by purchase by the Gulf States Utilities Company * * *. These rights continue in effect until 1960.* The subsequent incorporation of the city of Jasper * * * could not and did not change the *vested rights fixed by this franchise.* * * * Each of you is advised that the purported ordinance * * * is void and unenforceable. The city of Jasper has recognized the franchise rights of Gulf States Utilities Company over a long period of time when there was no other utility

to serve its inhabitants. Any interference * * * with *the property rights* of this company or any attempt to enforce the ordinance * * * will be in violation of the legal and moral rights of this company, and for such interference *any damages suffered* * * *, the city * * * and its officials * * * are in law responsible, and this letter you will also consider as notice * * * of your * * * liability for any damages * * * arising out of any attempt to enforce the ordinance of February 16, 1944."

The company's position as reflected by the letter was to the effect that respondent had acquired the county franchise and rights thereunder by purchase from its predecessor. Respondent's further position was that the incorporation of the city of Jasper could not change the vested rights fixed by the county franchise. There was no claim in respondent's letter that its right to carry on its utility business in the city was granted by the city. The declarations of the ordinance were to the contrary and were not questioned by the letter. That the incorporation of the city could not change the vested rights fixed by the commissioners' court's grants of rights, was the company's claim. The city's "recognition" of the company's rights under the county franchise by dealing with it while in the possession of such rights, did not thereby convert same into city-granted rights.

The trial court's second conclusion of law that the company had not violated any "lawful rule or ordinance," follows logically from its first conclusion that the ordinance was void and unenforceable for the reasons pointed under the first conclusion.

The rights and privileges referred to in the third conclusion of law are also treated as those granted by the commissioners' court, and, as is true of those referred to under the first and second conclusions, can be accorded no other status under the undisputed facts. It appears from the statements made by the trial court in connection with the third conclusion that the rights and privileges granted in 1910 extended by their terms until 1935 and that ten years before the expiration thereof *the commissioners' court extended same to run until 1960*. Another statement made in this conclusion is to the effect that the commissioners' court granted and extended the rights and privileges referred to, but again the court's conclusion contains no statement to the effect that the city, after its incorporation or at any other time, adoptd as its own, and conferred upon respondent, rights. It states in effect that respondent had the legal and lawful right to enjoy such privileges and that "in the enjoyment

of the same it had violated no rules, regulations, ordinances or laws."

The fourth conclusion of law states that the city after its incorporation "having consented to, acquised in and ratified all of the rights and privileges contained in the three franchises (county franchises) * * *, and having consented to, acquiesced in and ratified the uses made by Gulf States Utilities Company of the streets, alleys and public ways of the incorporated town * * * under each and all of the privileges of such three franchises, * * * and large expenditures having been made by Gulf States Utility Company in the incorporated town and * * *, large sums of money paid by it by way of ad valorem taxes, occupation taxes and street rentals for the privilege of using the streets, alleys and public ways, * * *," the company had the legal right to make use of same.

We cannot agree that the above conclusions are to the effect that the city council adopted the acts of the commissioners' court as its own, or that the facts found by the trial court legally warrant the conclusions. The trial court's concluding finding of fact is as follows:

"In 1930, some of the officials of the city council of the city of Jasper were approached as to whether the city would grant a franchise to Gulf States Utilities Company for a period of fifty years; it being indicated that a franchise for such duration would not be granted, the matter was dropped and not renewed."

The facts are practically undisputed and show that Jasper Electric Company, respondent's predecessor, had been doing business in the town of Jasper for sixteen years when the town in 1926 became an incorporated city. The commissioners' court, ten years before the company's franchise rights were to expire in 1935, took action purporting to extend same to 1960. The extension was granted in 1925, prior to the city's incorporation. The Jasper Electric Company continued to carry on its business both within and without the city limits, until it sold out to respondent in 1926, but not under a city franchise. The record contains no evidence tending to show that the city council, or a majority of its members, consented that the company be granted a permit or privilege to use the streets and alleys "under the terms and conditions of the franchise as held by it from the commissioners' court * * *."

We agree with the statement of the Court of Civil Appeals

that the city had full authority to grant respondent the franchise rights asserted by it but cannot agree with its further statement that since it had authority to grant such rights it adopted same "as its own act" by means of some character of estoppel. The undisputed facts do show that Jasper Electric Company continued after incorporation of the city to carry on its business within and without the city limits just as it had done in the past; that its contract and other dealings with the city continued over a period of years, and that such dealings continued between the city and the Jasper company's successors, the respondent here, which brought out the Jasper Electric. Respondent does not appear, however, to have sought from the city council a permit to use its public ways before three years after the purchase, apparently assuming its county franchise permit to be sufficient. In the contracts which the city entered into with the company for the purchase of electricity to operate the city's water system it was stipulated that nothing therein contained should be construed as granting any franchise, right or other public privilege to any public utility. We find no evidence that the city council in its dealings with respondent or its predecessors bartered away, or attempted to barter away the city's right to control its streets and alleys. The record discloses no act on the part of the city constituting an agreement between it and the company for the company to have the absolute right to lo business within the city, or to use its public ways under such right until 1960.

■ The court's decision, when analyzed as a whole shows that it is, in effect, based on the company's right of estoppel against the city to question the company's use of its streets and alleys in the manner and for the period granted it by the commissioners' court franchises and extensions thereof. Respondent contends it has such right of estoppel. We overrule the contention. We are not holding that under no circumstances can a municipality be estopped from asserting the invalidity of a franchise, but do hold that the facts do not bring this case within such a holding. Whatever license, if any, under the facts, flowed from the dealing of the city council with the company for it to continue using the streets and alleys, were revokable and terminable within a reasonable time, such as the city gave the company by the terms of the ordinance in question. The dealings present no basis for estoppel. Bynum et al v. Preston, 69 Texas 287, 6 S. W. 428; 5 Am. St. Rep. 49; Harrison et al v. Marvel Oil Co. (Com. App.), 142 Texas 669, 180 S. W. (2d) 909; Urban v. Harris Co. 251 S. W. 594 (wr. ref.) ; City of San Antonio v. French, 80 Texas 575, 16 S. W. 440, 26 Am. St. Rep. 763. The company was

charged with knowledge of the following provisions of article 1016,, R. C. S., which relate to the powers of cities of the class to which the city of Jasper belonged:

"Any incorporated city or town containing not more than five thousand population in this State shall have the exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon; to open, alter, widen, extend, establish regulate, grade, clean and otherwise improve said streets; to put drains or sewers therein, and prevent incumbering thereof in any manner, and to protect same from encroachment or injury; * * *."

The company was charged with knowledge also of the provisions of article 1436, relating to electric current and power corporations, which reads:

"Such corporation shall have the right * ** to erect its lines over and across * * * any streets or alleys or any incorporated city or town in this State *with the consent and* under the direction of the governing body of such city or town, * * *." (Italics ours.)

■ Nor does it follow from the provisions of article 2351, providing a) that each commissioners' court shall lay out, establish, change and discontinue public roads and highways, and b) exercise general control over all roads in their counties, that the commissioners' court has implied power to grant the franchise rights asserted by respondent. Respondent concedes that there is no statute which expressly empowers a commissioners' court to grant a franchise to an electric utility corporation to use the streets and alleys of an unincorporated town, to sell and distribute electric current. The Court of Civil Appeals in an opinion (Edwards County v. Jennings, 33 S. W. 585) by Chief Justice Fly, in determining whether the commissioner's court had the power there called in question, said:

"That the commissioners' court would have the authority to contract for a sufficient water supply for jail and courthouse there can be no room for doubt; but when we have a contract not only to supply the necessities of the public buildings, but to supply the general public with water, and providing for special privilege as to laying pipes, a very different question is presented. * * * Counties, being component parts of the state, have no powers or duties except those clearly set forth and defined in the constitution and statutes. 1 Dill. Mun. Corp., Sec. 25. The

statutes of Texas have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. It is provided in the constitution that the 'county commissioners so chosen, with the county judge, as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this constitution and the laws of this state, or any may be thereafter prescribed.' Const. art. 5, sec. 18. Looking to the powers granted by the legislature by virtue of the above constitutional provision, we find that no authority is given the commissioners' court to enter into such contracts as the one sued on in this case * * *." See also Mills v. Lampasas County, 90 Texas 603, 40 S. W. 403 Id. 40 S. W. 552, and Urban v. Harris, supra.

■ Nor does a commissioners' court have implied power to grant such franchise. This court stated in Foster v. City of Waco, 113 Texas 352, 255 S. W. 1104, that "a municipal power will be implied only when without its exercise the expressed * * * authority would be rendered nugatory," and that "all acts beyond the scope of the granted powers are void," citing upon the first holding City of Cleburne v. Gulf, etc. Ry. Co., 66 Tex. 456, 461, 1 S. W. 342, and upon the second, among other authorities, City of Brenham v. Brenham Water Works, 67 Texas 542, 4 S. W. 143. The principles stated are firmly fixed in our law. In the case last cited another wholesome principle is stated, to the effect that powers are conferred on municipal corporations for public purposes, and can neither be delegated nor bartered away; and that they cannot cede them away through contracts with others so as to disable them from the performance of their public duties. A case directly in point under the present facts is State ex rel Spring Water Co. v. Town of Monroe, 40 Wash. 545; 82 Pac. 888, from which the following is a self-explanatory excerpt:

"Nor is there any foundation for the contention that the respondents are estopped to question the validity of the franchise claimed by appellant. The appellant acquired its franchise from public officers (county commissioners) whose powers are limited and defined by law. To permit the idea of ratification or estoppel to prevail against the defense of ultra vires in such cases would wholly deprive the public of the safeguards which the law intended for their protection in limiting and defining the powers of their public servants."

It follows also from what has been stated that the case of

City of Baird v. West Texas Utilities Co., 174 S. W. (2d) 649, writ refused, a franchise forfeiture case cited by respondent, is not in point.

Since the commissioner's court of Jasper County was without power to grant the rights claimed by respondent the purported franchise and extensions thereof are of no force and effect as against the city's procedure under its ordinance. Potter County v. C. C. Slaughter Cattle Co. (Com. App.), 254 S. W. 775, 777; City of Big Spring v. Ward, 140 Texas 609, 169 S. W. (2d) 151. The claimed franchise rights cannot therefore form the basis of an estoppel on the city's part to enact and enforce the ordinance in question.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed, and both judgments are set aside; and judgment is here rendered in favor of petitioner upholding the ordinance in question and granting the full relief prayed for by petitioners.

It is so ordered.

Opinion adopted by The Supreme Court, July 18, 1945.

Rehearing overruled October 31, 1945.