COUNTY OF HARRIS, Texas, Appellant,

v.

TENNESSEE PRODUCTS PIPE LINE COMPANY et al., Appellees.

No. 13348.

Court of Civil Appeals of Texas.

Houston.

Feb. 18, 1960.

Rehearing Denied March 10, 1960.

Joe Resweber, County Atty., Charles F. Mitchell, Asst. County Atty., Houston, for appellant.

W. R. Brown, C. G. Thrash, Jr., Houston, Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellees.

WERLEIN, Justice.

Appellant, The County of Harris, appeals from the judgment of the trial court, without a jury, perpetually enjoining it from interfering with appellees (Tennessee Products Pipe Line Company, plaintiff, and Bay Petroleum Corporation, Intervenor, in the court below) laying and operating pipe lines across and under county roads, and decreeing and declaring that the County is not authorized by the statutes of this State to prohibit construction of such lines by pipe line companies such as appellees, qualified under Article 6020, Vernon's Ann.Civ. Stats. The court further decreed and declared that Articles 6020, 6022 and 1497, V.A.C.S., granted to pipe line companies, qualified under said Article 6020, and under Article 8.02 of the Texas Business Corporation Act, V.A.T.S., the right to cross county roads without the consent or permit from any county in Texas, and that the Harris County Road Law (Acts 1913, 33rd Legislature, Special Laws, Ch. 17, p. 64, H.B. 282, as amended by Acts 1947, 50th Legislature, H.B. 579, General and Special Laws, Ch. 205, pp. 358–361) does not have the effect of repealing such statutes in whole or in part, but grants to the Commissioners Court of Harris County the right not there-

tofore possessed, to grant easements and permits to persons, firms or corporations who might need to acquire the same, provided that road crossings by pipe lines are subject to reasonable regulation by the Commissioners Court under its police power as to the methods and manner of making and operating such crossings, under such regulations as may hereafter be promulgated by orders duly adopted by said Commissioners Court.

Appellant asserts that the court erred in so decreeing for the reason that the Legislature of Texas has delegated to Harris County and its Commissioners Court the power and duty to build, repair and maintain county roads and therefore its official orders with respect to crossings are within its jurisdiction, and for the further reason that the County is answerable in damages for its official acts if they cause injury.

On November 28, 1955, the Commissioners Court of Harris County enacted "An Order Regulating The Granting of Permits and Franchises for The Use of County Road Rights of Way for The Laying, Construction, Maintaining and Repairing of Pipelines in, under, across or along Such County Road Rights of Way, And Establishing Minimum Requirements and Conditions for Such Use of County Road Rights of Way." The order was amended on May 3, 1956, embodying all the regulations in effect at the inception of the present controversy.

Thereafter, appellee Tennessee gave appellant notice of road crossings in connection with laying an inter-county pipe line from Barbour's Cut in Harris County, to Texas City in Galveston County, designating the County roads it would cross under. Appellant then sent to Tennessee forms to be filled out and in effect required it, among other things, to obtain a franchise or permit to lay its line under and across such roads. Tennessee, having had notice of appellant's interference with other crossings made by pipe line companies without a permit from appellant, brought this suit for injunction and declaratory judgment.

Appellant properly contends that under Article 2351, V.A.C.S., it has power to exercise general control over all roads, highways, ferries and bridges in Harris County, and that under Article 6741, V.A.C.S., the Commissioners Court of Harris County has power to make and enforce all reasonable and necessary rules and orders for the working and repairing of public roads. It further contends, however, that the Harris County Road Law as amended not only delegates further power to it but also repeals by implication Articles 6020, 6022 and 1497, V.A.C.S.

Appellees do not deny that appellant has general jurisdiction over the county roads within Harris County, nor that the Commissioners Court of the County may make and enforce all reasonable and necessary rules for the working and repairing of public roads, nor that public utility and common carrier uses of such roads are subservient to the main uses and purposes of such roads for travel. Lasater v. Lopez, Tex.Civ.App., 202 S.W. 1039, affirmed 110 Tex. 179, 217 S.W. 373; City of San Antonio v. Bexar Metropolitan Water Dist., Tex.Civ.App., 309 S.W.2d 491, writ ref. They contend, however, that under Articles 6020 and 6022, V.A.C.S., they have the right to lay their pipe lines across and under any public road or highway in this State without obtaining a permit or license from the county. They further contend that said Articles have not been repealed by the Harris County Road Law as amended. It is also their contention that the Legislature may not confer upon the county power to legislate in matters that are not purely local. 9 Tex.Jur. 495, Constitutional Law, § 69; 39 Tex.Jur. 68, Statutes, § 33.

The findings of fact of the trial court based upon a stipulation of counsel and exhibits introduced in evidence, are stated in the judgment of the court, and need not be set out here at length. Counsel stipulated, among other things:

"The legal question of whether the granting by the Defendant of a 'permit'

is a condition precedent to the right of the plaintiff and/or intervenor to cross the roads herein involved is the only question which remains at issue in this controversy but it has not been possible for the parties to reach any agreement or settlement concerning this question."

The stipulation and judgment are to the effect that both Tennessee and Bay Petroleum which took over the rights of way and property of Tennessee, had adopted the provisions of the Business Corporation Act, and both were common carriers of petroleum products, having filed the acceptance required by Article 6020, V.A.C.S. It was also stipulated that the operations of the pipe lines involved in this suit were and are intra-state in character, but they are inter-county, and that the roads which the pipe lines crossed under or may cross under are under the control of the appellant as the agent of the State of Texas, the latter owning the fee title or roadway easements.

The importance of pipe lines to the entire state is well recognized. Continental Pipe Line Co. v. Gandy, Tex.Civ.App., 162 S.W.2d 755, error ref., w. o. m. The grant of right to certain companies under Articles 6020, 6022 and 1497, V.A.C.S., including the right of eminent domain, was evidently designed to facilitate inter-county transmission of petroleum products. The powers conferred upon such companies, however, are not unlimited. For instance, Article 1497, V.A.C.S., provides, among other things, that "Said pipes and pipelines shall be so buried and covered as not to interfere with the use and occupancy of such road, highway, street, or alley by the public * * *."

Appellees, under Article 8.02 of the Texas Business Corporations Act, have the same rights and privileges as domestic corporations. Under Article 6020, V.A.C.S., as well as under Article 2.01 of the Texas Business Corporations Act, they have the right as common carriers in the pipe line business transporting oil products,

to lay their pipes and pipe lines across and under any public road provided that no pipe lines shall be laid parallel with and on any public highway, closer than 15 feet from the improved section thereof, except with the approval and under the direction of the Commissioners Court of the county. The pipe line in question is not laid parallel with any public road or highway, and therefore does not come within the exception requiring the approval of the Commissioners Court. Article 1497, V.A.C.S., also gives such corporations the right to lay its pipes and pipe lines across and under any public road or highway, and to lay its pipes and pipe lines along, across and under any street or alley in any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. The pipe line involved here is not within any incorporated city or town. Such statutes nowhere require that pipe line companies obtain any permit or license or the consent of any governmental agency as a prerequisite to laying their pipes and pipe lines under and across county roads under the circumstances of the present case. See McLennan County v. Sinclair Pipe Line Co., Tex.Civ. App., 323 S.W.2d 471, ref., n. r. e.

City of Brownwood v. Brown Telegraph & Telephone Co., 1918, 106 Tex. 114, 157 S.W. 1163, supports by analogy appellees' contention in the instant case. The court held in that case that statutes [now Articles 1416 and 1422, V.A.C.S.] applying to telegraph corporations but similar to those governing pipe line companies, granted the company the absolute right to pass through cities and over and upon the streets thereof with a long distance telephone line, and that the city had no authority to deny such right although it had broad powers to regulate and control the manner in which such companies might make use of city streets. In Fleming v. Houston Lighting & Power Co., 135 Tex. 463, 138 S.W.2d 520, rehearing denied 135 Tex. 463, 143 S.W.2d 923, certiorari denied, Houston L. & P. Co. v. City of West University Place, 1940,

313 U.S. 560, 61 S.Ct. 836, 85 L.Ed. 1520, a distinction is drawn between interurban and intra-urban business of a utility. If the company is conducting a local system as distinguished from an interurban business, it may be required to procure authority from the city to use its streets. See also Texas & N. O. R. Co. v. Thompson, Tex.Civ. App., 194 S.W.2d 123, error ref., in which the court in referring to Article 6320, V.A.C.S., applying to railroads and comparable to Article 6020, V.A.C.S., applying to pipe line crossings, stated: "Consent to cross the roadway was given by the Legislature by virtue of its enactment of Article 6320, Vernon's Ann.Civ.Stats."

The reasoning in the City of Brownwood, Fleming, and Thompson cases supports the conclusion that prior to the enactment of the Harris County Road Law as amended, a county had no power to deny a pipe line company, qualified as are appellees, the right to lay its inter-county pipe lines under and across county roads without first obtaining a license or permit to do so, although it could enact reasonable regulations governing the construction and maintenance of such crossings.

■ In determining whether the Harris County Road Law as amended has the effect of repealing Articles 6020, 6022 and 1497, insofar as pipe line companies are concerned, several well established principles of law must be considered. It is a general rule of statutory construction that statutes must be so construed as to be reconciled if possible. The intention of the Legislature is of primary importance. The Legislature does not express any intention to repeal or modify, nor does it make any mention of, Articles 6020, 6022 and 1497 either in the title or the body of the amendatory Act. We must, therefore, consider whether the amendment is so repugnant to Articles 6020, 6022 and 1497 that only such amendment can stand. We think no such repugnancy exists. The statutes are reconcilable. In 39 Tex.Jur., p. 141, Sec. 75, Statutes, it is stated: "Where

there is no express repeal, the presumption is that in enacting a new law the legislature intended the old statute to remain in operation."

■■ In arriving at legislative intent, it is of primary importance to ascertain the purpose for which the statute was enacted. City of Mason v. West Texas Utilities Co., 1951, 150 Tex. 18, 237 S.W. 2d 273. We think there is merit in appellees' contention that the 1947 amendment to the Harris County Road Law was enacted at least partially to fill the hiatus left by the opinion of the Supreme Court in State ex rel. City of Jasper v. Gulf States Utilities Co., 1945, 144 Tex. 184, 189 S.W.2d 693. That case held that counties have no powers or duties except those clearly set forth and defined in the Constitution and statutes of the State and that the Commissioners Court of a county had neither express nor implied power to grant a franchise to a utility company to make use of streets of an unincorporated town. Following such a decision the 1947 amendment to the Harris County Road Law was enacted giving the Commissioners Court of Harris County power to grant to any person, firm or corporation an easement or right of way over, along, or across any public road under the jurisdiction of the Commissioners Court outside the limits of any incorporated town.

The amendment provides for the authorizing and regulating of the granting of easements across or along roads by the Commissioners Court, etc. The critical section of the amendatory Act is a new section known as "7-A". It provides in part that the Commissioners Court of Harris County shall have the power to grant to any person, firm or corporation an easement or right of way over, along, or across any public road or highway in Harris County and under the jurisdiction of the Commissioners Court of Harris County, outside of the limits of any incorporated City or town. Such section then provides certain terms and conditions under which

such person, etc. shall use or occupy the easement or right of way, and provides that the Commissioners Court may prescribe such reasonable conditions or restrictions as it may find necessary or desirable. It also provides that no such easement or right of way shall be granted when it impedes or seriously interferes with the use and occupancy of such public thoroughfare as such, nor shall it be granted without adequate provision for the protection and repair of the road or thoroughfare by suitable bond.

In the case of City of Arlington v. Lillard, 1927, 116 Tex. 446, 294 S.W. 829, 831, the City undertook to prohibit by ordinance the use of Lillard's Motor Bus Line of two thoroughfares through the City, thereby interfering with the use of the State highway between Fort Worth and Dallas, both through the City of Arlington and beyond its limits. The court held the ordinance went beyond the powers of the local government and was extra-territorial in character and therefore void. The court said:

"Applying the maxim, Expressio unius est exclusio alterius, the Legislature having expressly provided that cities may regulate and control the use of their streets by carriers of passengers or freight for hire, it must be inferred that the power to prohibit the use to them of all its streets is denied."

■ City of Arlington v. Lillard is strongly persuasive that the Legislature could not, without doing violence to the Constitution of Texas, delegate to Harris County non-local powers having an extra-territorial effect, and furthermore that it did not intend by the amendatory Act in question to give Harris County power to demand that a pipe line company procure a permit as a prerequisite to laying an inter-county pipe line under and across its roads.

■ In Humble Pipe Line Co. v. State, Tex.Civ.App., 2 S.W.2d 1018, error ref., the court held that the right expressly granted by Article 1497 and rights which followed by necessary implication, could be taken away from a pipe line corporation only by a special act of the Legislature denying such right. Surely the 1947 amendment does not constitute such special act as would be required to take away from pipe line companies the powers and rights conferred upon them by Articles 6020, 6022 and 1497, V.A.C.S. Nor does it purport to take away such powers and rights. It does not provide that no person, firm or corporation shall cross a county road without a grant or permit from the Commissioners Court. It simply gives the Commissioners Court the power to grant easements. It does not give the County power to grant crossing rights to public utilities and common carriers as such, nor does it mention them or the statutes which give them such power, either in its title or body. It does confer upon the Commissioners Court the power to grant such rights to any person, firm, corporation, which would include private corporations, and which would cover private water, gas, sewer and other private lines of a local nature. It does not, however, confer upon the Commissioners Court "exclusive" power to grant such rights.

■ The County, as hereinabove stated, clearly has the right and power to enforce reasonable regulations in connection with the construction and maintenance of pipe lines crossing its roads, but it has no right to use its regulatory power in such manner as to deny pipe lines the right to cross under roads and highways under its control. We are of the opinion that it has no right to demand that pipe line companies such as appellee, engaged in laying inter-county pipe lines, obtain from it a permit or franchise before constructing crossings under such roads. We find no inconsistency or repugnancy between Articles 6020, 6022 and 1497, V.A.C.S., as they relate to pipe line companies such as appellees doing an inter-county business, and the aforesaid amendatory Act as it relates to persons and corporations both private and public con-

ducting local business within the confines of the county. City of Brownwood v. Brown Telegraph & Telephone Co., supra.

We think the court's action in granting a permanent injunction was proper in view of the stipulation of the parties that appellant will, if not restrained by court order, take steps to cause the removal from such county roads of the line involved herein, and the further stipulation that the parties agree that damages which would result to appellees in the event of interference by appellant with either the line constructed or the operation therof, even if recoverable (in view of appellant's general governmental immunity from liability) would be extremely difficult, if not impossible, of precise ascertainment and that, therefore, appellees have no adequate remedy at law.

The judgment of the trial court is affirmed.