

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 25, 1972

Hon. James P. Baker, Chairman
Texas Board of Licensure for
   Nursing Home Administrators
P. O. Box 4246
Austin, Texas 78767

Opinion No. M-1193

Re: Reconciliation of Section
3, Subsection (9), and
Section 10, Subsection (6),
of Article 4442d, the Texas
Board of Licensure for Nurs-
ing Home Administrators Act,
relating to deposit and
withdrawal of fees and
monies received by the
Board.

Dear Mr. Baker:

In your recent original and supplemental requests you asked our office for an opinion on the following questions:

Question 1. Should the Board of Licensure for Nursing Home Administrators comply with Article 4442d, Section 10(6), or with the newly added Section 3(9) of Article 4442d, Vernon's Civil Statutes, or may it choose to comply with which-ever provision it deems most suited to its duties?

Question 2. If the Board must comply with Section 3(9), is the Board required to deposit all of its funds into the State Treasury, or is it required to deposit only the money received from the license fees?

Question 3. If the Board must comply with Section 3(9), must the Board deposit all license fee receipts with the State Treasury, or does the requirement affect only those license fees re-ceived after June 15, 1971, which is the effective date of the amendment requiring license fees to be deposited into the State Treasury?

Question 4. Is the appropriations bill to be considered a "special" law? If so, can it amend the Act, which appears to be a general law?

Question 5.  Is a special fund created by the appropriations bill?

When a bill becomes law and material is added to the law at a later time by an amendment, it is presumed that the Legislature intended that the old law remain in effect unless the amendment contains an expressed or implied repeal of the old law or unless there is such an irreconcilable conflict that both cannot remain in effect.  Cole v. State, 106 Tex. 472, 170 S.W. 1036 (1914); Hankins v. Connally, 206 S.W.2d 89 (Tex.Civ.App. 1947, error ref. n.r.e.); County of Harris v. Tennessee Products Pipe Line Co., 332 S.W.2d 777 (Tex.Civ.App. 1960, no writ); Howth v. Case (J.E.) Threshing Machine Co., 280 S.W. 238 (Tex. Civ.App. 1925, error ref.); Hunnicut v. Lee, 16 S.W.2d 968 (Tex. Civ.App. 1929, no writ).

Texas does not favor repeal by implication, but does favor considering laws relating to the same subject as though they were included in the same act so as to harmonize and give effect to them.  Richardson v. Cameron County, 275 S.W.2d 709 (Tex.Civ.App. 1955, no writ); Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 138 (1962); International Service Ins. Co. v. Jackson, 335 S.W.2d 420 (Tex.Civ.App. 1960, error ref. n.r.e.).

It is also presumed that when two statutes are in pari materia, but it may be impossible to completely reconcile them, the older statute will be repealed by implication only to the extent of the actual irreconcilable conflict.  Whittenberg v. Craven, 258 S.W. 152 (Tex. Comm.App. 1924); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (Tex.Comm.App. 1929); Meek v. Wheeler County, 124 S.W.2d 331 (Tex.Civ.App. 1939) aff'd 144 S.W.2d 885; First Nat. Bank v. Lee County Cotton Oil Co., 250 S.W. 313 (Tex.Civ.App. 1923) aff'd 274 S.W. 127.

Two statutes are under consideration here.  Article 4442d, Section 10(6), Vernon's Civil Statutes, was enacted in 1969 and reads as follows:

"All fees or other monies received by said board under this law shall be deposited to the account of the board in federally insured accounts and shall be paid out on vouchers duly issued in a manner directed by the board. All monies so received and placed to the account of the board may be used by the board in defraying its expenses in carrying on the provisions of

Hon. James P. Baker, page 3    (M-1193)

this law.  No expenses incurred by said board
shall be paid by the State."   (Emphasis added.)

Article 4442d, Section 3(9), Vernon's Civil Statutes,
was added in 1971, effective June 15, 1971, and reads as follows:

"All license fees shall be deposited in
the state treasury."  (Emphasis added.)

Article 4442d, Section 3(9), creates an irreconcilable
conflict with Article 4442d, Section 10(6).  As a result you are
advised that Article 4442d, Section 10(6), which allows all monies
collected by the Texas Board of Licensure for Nursing Home Ad-
ministrators to be expended by the Board for its operations is
now limited by Article 4442d, Section 3(9).

The Board, under Article 4442d, Section 10(3), is autho-
rized to set an initial license fee not to exceed one hundred
dollars ($100) for a two-year period.  A renewal license fee,
also not to exceed one hundred dollars ($100) for the biennium,
is also authorized.  In addition, the Legislature has specifical-
ly authorized the Board to collect an examination fee of seventy
dollars ($70).  This fee, which must accompany the application
for the required examination and is not refundable, is to be
used for investigation, processing and testing purposes.  In
addition, reasonable fees may be set for the issuance of copies
of public records in the Board's office, certificates or transcripts,
and duplicates of lost instruments.

From the fees collected, the Board must deposit the
initial license fee and the renewal license fee to the State
Treasury.  All other fees may be deposited to the account of
the Board under Article 4442d, Section 10(6).

The Third Called Session of the Sixty-Second Legis-
lature in 1972 passed a general appropriation act[1] which was a
general, not a special, law.  This act contains an appropriation
for this Board's operation out of the Nursing Home Administrators
Fund[2].  In making this appropriation the Legislature made an ap-
propriation back to the Board from those funds which should have

---

[1]Acts 62nd Leg., 3rd C.S. 1972, S.B. 1.
[2]Id., III-105-106.

been paid into the State Treasury since June 15, 1971, the effective date of Article 4442d, Section 3(9).

### S U M M A R Y

The Board of Nursing Home Administrators must deposit the initial license fee, which may not exceed one hundred dollars ($100) for the biennium, and the renewal license fee, which also may not exceed one hundred dollars ($100) for the biennium, into the State Treasury beginning June 15, 1971. All other fees and monies received by the Board shall be deposited to the account of the Board as provided in Article 4442d, Section 10(6), Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
Harriet Burke
James Hackney
Robert Lemens

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant