

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 20, 1974

The Honorable Ogden Bass
District Attorney
Brazoria County
Angleton, Texas 77515

Opinion No. H- 374

Re: Powers and duties of
commissioners court

Dear Mr. Bass:

You have requested our opinion on the power of a commissioners court to act in five different areas. The Texas Constitution, Art. 5, Sec. 18, gives to a commissioners court "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Article 2351, V. T. C. S., is the general statutory grant of power to commissioners courts, with specific powers found elsewhere in the statutes. The courts have constructed the powers of the commissioners courts narrowly, and their powers are thus limited to those "specifically conferred upon them." Canales v. Laughlin, 214 S. W. 2d 451, 453 (Tex. 1948); Anderson v. Wood, 152 S. W. 2d 1084 (Tex. 1941); Attorney General Opinions H-16, H-45, H-51 (1973). In considering your questions, therefore, we must look directly to the statutes for specifically conferred grants of power to act.

Your questions, with our responses, follow:

1. Can the commissioners court regulate utility rates? There is no general provision in the statutes to allow a commissioners court to regulate utility rates. In State v. Gulf States Utilities Co., 189 S. W. 2d 693 (Tex. 1945), the Texas Supreme Court found that a commissioners court did not have the power to grant a utility franchise - such power over utilities not being conferred on counties. See also Attorney General Opinion V-907 (1949). Presumably, the commissioners courts have no authority vis-a-vis utility rates either, except when the county is a supplier of gas or water under Article 2372q, Sec. 3; Article 2352e, Sec. 3; and Article 2351, Sec. 20, V. T. C. S.

2.  Can the commissioners court set and enforce minimum building and housing codes?  Again, commissioners courts have no general power to promulgate such codes.  Limited codes can be found, however.  Article 6812c, V. T. C. S., gives to certain counties over 350,000 population the power to establish building set-back lines from major roads.  Articles 2372k and 6626a, V. T. C. S., give counties the right to require new subdivisions to provide for the construction and maintenance of roads within the developing area.

3.  Can the commissioners court set and enforce standards and procedures for mobile home tie-downs?  While the Mobile Home Standards Act, Article 5221f, V. T. C. S., gives the primary responsibility over mobile homes to a state-wide Certification Board, Section 14 provides: "Counties and municipalities may, with the approval of the Board (which shall not unreasonably be withheld), adopt more stringent standards [for tie-downs] when necessary for the public health and safety."  Thus, the commissioners court does have limited standard-setting powers.  Section 15 of the Act authorizes the Certification Board to authorize local units of government to perform inspection and enforcement functions concerning tie-down standards.

4.  Can the commissioners court require door-to-door salesmen to be licensed and pay a fee?  We can find no grant of such power to the court; therefore under the Constitution, the court cannot act in this area.

5.  Can the commissioners court require registration and bonding of home builders?  We can find no authority for the commissioners court to control such activity except as it falls under Articles 2372k and 6626a, V. T. C. S., which require limited bonds to insure construction and maintenance of roads in new subdivisions.

## SUMMARY

A commissioners court has no general authority to regulate utility rates, establish minimum building and housing codes, license door-to-door salesmen, or require registration and bonding of home builders.  It has limited powers to regulate mobile home tie-downs.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 1761

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee